UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

LONNIE H. KERR, )
)
   Petitioner, ) Civil Action No. 13-79-HRW
)
v. )
)
MICHAEL SEPANEK, WARDEN, ) **MEMORANDUM OPINION**
) **AND ORDER**
   Respondent. )
)

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Lonnie H. Kerr is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. Kerr has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug convictions. [D. E. No. 1] Kerr has paid the $5.00 filing fee. [D. E. No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Kerr's petition under a more lenient

standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Kerr can not pursue his claims under 28 U.S.C. § 2241.

## CRIMINAL CONVICTION, APPEAL, AND PRIOR COLLATERAL CHALLENGE

On September 11, 2003, Kerr pled guilty in this Court to one count of conspiracy to possess with intent to distribute five (5) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. 841(a)(1), and one count of criminal forfeiture, in violation of 21 U.S.C. § 853. *United States v. Kerr*, No. 7:03-CR-23-DCR-PEP (E.D. Ky. 2003) [D. E. No. 25, therein] On January 20, 2004, the Court sentenced Kerr to a 148-month prison term, to be followed by a five-year term of supervised release. [D. E. No. 43, therein]

On December 8, 2004, Kerr filed a motion under 28 U.S.C. § 2255, seeking relief from his sentence. *Kerr v. United States*, No. 04-CV-430-DCR-PEP (E. D. Ky. 2004) [D. E. No. 1, therein] Kerr argued that: (1) pursuant to the United States

2

Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the Court erred when it enhanced his sentence based upon drug quantity, weapons possession, and his managerial role in the offense, factors that were not submitted for jury determination; (2) his rights under the Fifth Amendment indictment clause were violated because his sentence reflected uncharged conduct; and (3) *Blakely* applied retroactively to his § 2255 motion.

On July 1, 2005, the Magistrate Judge recommended that Kerr's § 2255 motion be denied because Kerr had waived his *Blakely* claim, and that irrespective of the waiver, *Blakely* and the subsequent decision rendered in *United States v. Booker*, 125 S. Ct. 738 (2005), did not apply retroactively to cases on collateral appeal. [D. E. No. 3, p. 14, therein, citing *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) and *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005)]. The Magistrate Judge concluded, "Because Defendant's conviction became final well before *Blakely* and *Booker* were issued and because they do not apply retroactively to cases on collateral review, these decisions are inapplicable to Defendant's instant motion to vacate." [*Id.*, pp. 14-15]

On July 29, 2005, the Court adopted the Magistrate Judge's Report and Recommendation and entered Judgment against Kerr. [D E. Nos. 4 and 5, therein] Kerr appealed, but the Sixth Circuit dismissed the appeal for lack of jurisdiction,

stating, "A report and recommendation of a magistrate judge is not appealable unless the magistrate judge is given plenary jurisdiction pursuant to 28 U.S.C. 9 636(c)(1). *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984) (per curiam). The magistrate judge was not given plenary jurisdiction in this case." [D. E. No. 9, therein; *see also Kerr v. United States*, No. 05-6152, (6th Cir. July 23, 2005)]

## CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Kerr set forth five separate arguments, which, although worded differently, convey the same underlying claim: that his 148-month sentence is unconstitutional because it was based on additional and "unsupported" offenses which were neither charged in the indictment nor determined by a jury. *See* Petition, [D. E. No. 1, pp. 2-6, §§ 4-7][1] Kerr cites no legal authority for this assertion, but broadly construing his argument, he appears to be asserting a claim under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and

---

[1] Kerr claims that his due process rights were violated by the " ...inclusion in my sentence of offenses which have not been charged to me in accordance with the U.S. Constitution and federal statutory law." [*Id.*, p. 3, ¶ 7 (a)] Kerr further alleges, "No Grand Jury hearing or indictment was ever held by the Government regarding significant offenses which were included at sentencing." [*Id.*, p. 4, § 7(b)] Kerr next alleges that because no "accusatory witnesses" were "produced for cross examination" with respect to the "additional offenses which were included in my current sentence which were arbitrarily charged," he was deprived of his right to a "fair trial." [*Id.*] Finally, Kerr alleges that he was not provided with adequate legal counsel to defend against the "additional" charges used to calculate his sentence. [*Id.*, p. 5]

4

found beyond a reasonable doubt." *Id.* at 2155. Kerr is thus claiming that based on *Alleyne*, his current sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury, not a federal judge, determine all factual predicates of the charged offenses which could have affected his sentence.

## DISCUSSION

Kerr is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Kerr challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is

5

where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based

upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). As noted, Kerr cites to no law, either prospective or retroactive, but a liberal reading of his § 2241 petition suggests that he could be claiming that *Alleyne* establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; qualifies as a new rule of law which applies retroactively; and affords him relief from his 148-month sentence.

This construed argument fails, however, because the Supreme Court gave no indication in *Alleyne* that its holding applied retroactively to cases on collateral review. This Court has held that with respect to a motion filed under § 2255 seeking

7

relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also held that *Alleyne* does not apply retroactively to a petitioner seeking relief under § 2241. *See Smith v. Holland*, No. 13-CV-147–KKC, 2013 WL 4735583, at *4 (E. D. Ky. Sept. 3, 2013); *Parks v. Sepanek*, No. 13-CV-109-HRW, 2013 WL 4648551, at *3 (E.D. Ky. Aug. 29, 2013); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013).

At least three other district courts in this circuit have similarly determined that *Alleyne* does not apply retroactively to cases on collateral review. *See Mingo v. United States*, No. 1:03-CR-203–05; No. 1:13-CV-787, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v.*

8

*Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction.") Based on this authority, the Court is unable to conclude that *Alleyne* affords Kerr any retroactive relief.

Moreover, Kerr does not allege that he is actually innocent of the drug offenses of which he was convicted. Instead, based on the rule announced in *Alleyne*, Kerr appears to be challenging only his 148-month sentence, arguing that the indictment failed to charge him with other uncharged criminal offenses which this Court used to calculate his sentence, and that the jury did not determine the facts relative to those other offenses. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003).

Federal courts in this and other circuits have consistently held that a challenge to a *sentence*, as opposed to a *conviction*, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not

9

apply to sentencing claims."); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, because Kerr has not established a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Lonnie H. Kerr's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No.1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 25, 2013.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge